IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION), | ) ) ) ) ) ) | C.A. No. 07-048-JJF<br><br>JURY TRIAL DEMANDED |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PAULA FINANCIAL, | ) ) | |
| Defendant | ) ) | |

## ANSWER AND COUNTERCLAIM

Defendant/Counterclaimant PAULA Financial ("PAULA"), through its undersigned counsel, respectfully replies to the Complaint of Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance Company (In Liquidation) (hereafter referred to as "Plaintiff"), as follows:

## THE PARTIES

1.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.    PAULA admits the allegations of paragraph 4.

## JURISDICTION AND VENUE

5.    PAULA admits the allegations of paragraph 5.

6.    PAULA admits the allegations of paragraph 6.

## FACTUAL BACKGROUND

### The March 15, 1999 PAULA Guarantee and Indemnification

7.    PAULA admits Montlake Holdings, LLC f/k/a Altus Insurance Holdings, LLC and Reliance entered into an Underwriting Management Agreement and that Reliance served as the issuing insurance company to underwrite workers' compensation and United States Longshore and Harbor Workers' Compensation Act insurance for risks located in various states. PAULA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies them.

8.    PAULA admits the allegations of paragraph 8.

9.    PAULA admits that under certain facts, circumstances and conditions it agreed it would guarantee payment and provide indemnification to Reliance against certain risk exposures by reason of Reliance's issuing the WC Policies; PAULA denies the remaining allegations of paragraph 9.

10.    PAULA admits that the Guarantee and Indemnification agreement with Reliance ("Guarantee") was to be effective March 15, 1999; PAULA denies that the Guarantee was entered into on that date.  PAULA admits the remaining allegations of paragraph 10.

11.    PAULA admits the allegations of paragraph 11.

12.    PAULA admits the allegations of paragraph 12.

2

**The March 15, 1999 Underwriting and Management Agreement**

13.    PAULA admits that the UM Agreement between Reliance and MIH was to be effective March 15, 1999;  PAULA denies that Reliance and MIH entered into the UM Agreement on that date.  PAULA admits the remaining allegations of paragraph 13.

14.    PAULA admits the allegations of paragraph 14.

**The Reliance Policy**

15.    PAULA admits that MIH underwrote and bound worker's compensation and employer's liability insurance Policy No. ICW 1950507 ("Policy") which was issued by Reliance to Friede Goldman Halter, Inc. with an effective date of March 15, 2000; PAULA denies the remaining allegations of paragraph 15.

16.    PAULA admits the allegations of paragraph 16.

17.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.    PAULA admits that the Reliance Policy contained a conditional retrospective premium endorsement subject to a minimum and maximum premium; PAULA denies the remaining allegations of paragraph 18.

19.    PAULA denies the allegations of paragraph 19.

20.    PAULA denies the allegations of paragraph 20.

21.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them

23.    PAULA denies that the maximum amount of retrospective premium that could be collected under the Reliance Policy was $4,996,984; PAULA is without knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, and therefore denies them.

24.    PAULA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them

**Unpaid Retrospective Premium and Deductibles**

25.    PAULA denies the allegations of paragraph 25.

26.    PAULA denies the allegations of paragraph 26.

**Bankruptcy of Friede**

27.    PAULA admits the allegations of paragraph 27.

**Demand for Payment**

28.    PAULA admits that the Liquidator, on behalf of Reliance, made a demand for payment on October 17, 2005; PAULA denies that any amounts are due.

29.    PAULA admits that it has not paid the Liquidator on its demand.

## COUNT I

### BREACH OF CONTRACT

30.    PAULA repeats and realleges its responses to paragraphs 1 through 29 of the Complaint.

31.    PAULA denies the allegations of paragraph 31.

32.    PAULA denies the allegations of paragraph 32.

33.    PAULA denies the allegations of paragraph 33.

34.    PAULA denies the allegations of paragraph 34.

35    PAULA denies the allegations of paragraph 35.

4

## ANSWERING THE PRAYER FOR RELIEF

PAULA denies the allegations set forth in the prayer for relief of Count I of the Complaint and denies that plaintiff is entitled to the relief requested therein.

## COUNT II

## BREACH OF CONTRACT

36.    PAULA repeats and realleges its responses to paragraphs 1 through 35 of the Complaint.

37.    PAULA denies the allegations of paragraph 37.

38.    PAULA denies the allegations of paragraph 38.

39.    PAULA denies the allegations of paragraph 39.

40.    PAULA denies the allegations of paragraph 40.

41.    PAULA denies the allegations of paragraph 41.

## ANSWERING THE PRAYER FOR RELIEF

PAULA denies the allegations set forth in the prayer for relief of Count II of the Complaint and denies that plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

PAULA asserts the following affirmative defenses to Plaintiff's Complaint and each and every claim purportedly asserted therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

42.    The Complaint fails to state facts sufficient to constitute a cause of action against PAULA.

RLF1-3118917-1

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

43.    Plaintiff's claims are barred by the doctrine of unclean hands

## THIRD AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

44.    Plaintiff would be unjustly enriched if it were granted any form of the relief sought.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

45.    Plaintiff is estopped from asserting any of the claims alleged against PAULA in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

46.    Plaintiff has waived any rights it may have had in connection with the subject matter of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injury, Loss, or Damages)

47.    Plaintiff has not been injured or otherwise suffered any loss or damage in any manner by any conduct, acts or omissions of PAULA.

6

## SEVENTH AFFIRMATIVE DEFENSE

### (Excuse of Performance)

48.    PAULA performed and discharged each and every obligation owed to plaintiff, if any, except such obligations as PAULA was excused from performing as a result of plaintiff's conduct, failure to properly perform its obligations, failure of conditions precedent, or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

49.    Plaintiff's Complaint and each separately pleaded cause of action alleged, is barred in whole or in part by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Res Judicata)

50.    Plaintiff's claims were previously adjudicated, resolved and/or discharged pursuant to court order and are therefore barred by the doctrine of res judicata.

## TENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

51.    The agreement upon which plaintiff's claims are based is unenforceable due to complete or partial failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

52.    The Complaint and each purported cause of action alleged therein are barred in whole or in part by the doctrine of laches.

RLF1-3118917-1

## TWELFTH AFFIRMATIVE DEFENSE

### (Novation)

53.    The Complaint and each purported cause of action alleged therein are barred in whole or in part by the doctrine of novation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Defenses)

54.    PAULA has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during its investigation and discovery in this matter.  PAULA  further reserves the right to amend its answer and defenses accordingly, and to delete defenses that it determines are not applicable during the course of its investigation and discovery and in the course of other proceedings in this case.

## COUNTERCLAIM

PAULA asserts the following Counterclaim against Plaintiff:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of PAULA's counterclaim pursuant to Federal Rule of Civil Procedure 13(a) and 28 U.S.C. § 1367(a) in that it is a compulsory counterclaim forming part of the same case or controversy as the original claim over which the court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

2.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because PAULA resides in the District of Delaware.

RLF1-3118917-1

## FIRST COUNTERCLAIM

### (Declaratory Judgment)

3.       PAULA seeks a declaratory judgment pursuant to 28 U.S.C. §2201. An actual controversy exists between the parties in that the Liquidator alleges, and PAULA denies, that PAULA has breached obligations to pay the Liquidator certain alleged amounts due as unpaid retrospective premium and unpaid deductibles pursuant to the terms of a policy of insurance issued by Reliance to Freide, Goldman Halter, Inc., which amounts are alleged owed by PAULA under the terms of the Guarantee. PAULA seeks a declaratory judgment that the amounts claimed by the Liquidator are not owed to the Liquidator under the Policy and Guarantee.

## PRAYER FOR RELIEF

WHEREFORE, PAULA respectfully prays for the following relief:

A.       that this Court deny any and all relief requested by plaintiff in its Complaint and any and all relief whatsoever, and that the Complaint be dismissed with prejudice;

B.       that this Court declare that the amounts sought by the Liquidator are not due from PAULA under the Policy and Guarantee.

C.       that this Court grant such other and further relief to PAULA as this Court may deem just and equitable and as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant PAULA Financial hereby demands trial by jury in this action.

RLF1-3118917-1

Chad M. Shandler (#3796)
shandler@rlf.com
Jamison Tweedie (#4927)
tweedie@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Attorneys for Defendant PAULA Financial

*Of Counsel:*

William K. Swank, Esq.
Jonathan G. Fetterly, Esq.
Holme Roberts & Owen LLP
777 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
(213) 572-4300

Dated:  February 23, 2007

10

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2007, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

**VIA HAND DELIVERY**
Sheldon K. Rennie, Esq.
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE  19899-2323

Chad M. Shandler (#3796)

Dated:  February 23, 2007