IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOEL S. ARIO, in his official capacity :
as Insurance Commissioner of the Commonwealth :
of Pennsylvania, as Liquidator of RELIANCE :
INSURANCE COMPANY (IN LIQUIDATION), :
:
          Plaintiff, :
:
v.                                 :     CIVIL ACTION NO. 07-048-JJF
:
:
PAULA FINANCIAL, :
:
          Defendant. :

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, the Liquidator of Reliance Insurance Company (In Liquidation) ("Reliance"), by and through his attorneys Fox Rothschild LLP, hereby moves for a protective order pursuant to Fed. R. Civ. P. 26(c), Local Rules 7.1.2 and 37.1 and this Court's September 6, 2007 Rule 16 Scheduling Order to prevent the scheduling of depositions in Seattle, Washington of third-party witnesses John Snider, Steve Clark, Ed Lopit and Bill Baldwin by defendant PAULA Financial ("PAULA") until after January 1, 2008 and to require those depositions to be taken and completed over a period of three consecutive calendar days. In support thereof, the Liquidator submits the following:

1.     On January 26, 2007, the Liquidator commenced this action against PAULA to recover on a guarantee and indemnification given by PAULA to Reliance.

2.     On February 26, 2007, PAULA filed an Answer and Counterclaim.

3. On September 6, 2007, this Court entered a Rule 16 Scheduling Order. The deadline for fact discovery is January 31, 2007. To date, PAULA has not noticed or taken *any* depositions.

4. Mediation in this matter has been scheduled for January 14, 2008 before the Honorable Mary Pat Thynge.

5. On November 19, 2007, before a telephone conference with Magistrate Judge Thynge regarding the mediation, PAULA's counsel, Jon Fetterly, Esquire ("Fetterly"), advised counsel for the Liquidator that PAULA intended to depose various third-party witnesses. Fetterly did not identify the proposed deponents at that time, but his co-counsel, William Swank, Esquire, stated that the Liquidator's counsel might receive information regarding the proposed deponents as early as that day. *See* e-mail string between Fetterly and Gerald E. Arth, Esquire ("Arth") from November 26 through November 29, 2007 attached as Exhibit "A" hereto.

6. PAULA, however, provided no information about the proposed depositions until the evening of November 26, 2007, when Fetterly advised Arth by email that PAULA intended to depose third-party witnesses John Snider, Steve Clark, Ed Lopit and Bill Baldwin in Seattle, Washington over a period of four days during either the second or third week of December 2007. *See* Exhibit "A."

7. On November 28, 2007, Arth and Fetterly had a telephone conference during which Arth (1) advised of his unavailability during the week of December 10, 2007; (2) requested that the depositions be conducted immediately after the Christmas and New Year holidays, in time for the January 14 mediation; (3) and requested that the depositions be held over a period of three rather than four days. *See* Exhibit "A."

2

3

8.  That same day, Fetterly advised Arth by email that PAULA intended to proceed with the depositions during the week of December 17, 2007 over a four-day period. *See* Exhibit "A."

9.  By e-mail also dated November 28, 2007, Arth responded that Fetterly had ignored Arth's request to have the depositions after January 1, 2008 and offered no real reason why the depositions could not be taken over a period of three days, rather than four days. Arth also advised Fetterly that the Liquidator would seek relief from the Court if PAULA would not agree to schedule the depositions after January 1, 2008 and limit them to a three-day period. *See* Exhibit "A."

10. On November 29, 2007, Fetterly confirmed PAULA's unwillingness to schedule the depositions after the holidays or limit them to a three-day period. PAULA has made no claim whatever that either the witnesses or its counsel are unavailable after January 1, only vaguely alleging that it would be "impractical" to take the depositions at that time. Regarding the request to schedule the depositions over a three-day period rather than four days, PAULA speciously claims that it "simply cannot predict how long the depositions may take," notwithstanding that PAULA obviously knows the areas of inquiry it intends to pursue and the documents it intends to use. *See* Exhibit "A."

11. In a return e-mail on November 29, 2007 Arth requested that PAULA reconsider its position, but PAULA's counsel has failed to respond to that request. *See* Exhibit "A."

12. PAULA's unwillingness to schedule the Seattle depositions until after the holidays and to limit them to a three-day period is a transparent attempt to oppress and unduly burden the Liquidator and its counsel within the meaning of Fed. R. Civ. P. 26(c). To refuse a reasonable scheduling request and require the Liquidator's counsel, based in Philadelphia,

Pennsylvania, to travel thousands of miles to Seattle right before Christmas and spend essentially a week on depositions without any pressing need is simply unreasonable. There is no claim by PAULA that either the third-party witnesses or it cannot be available for the depositions after January 1, 2008. Furthermore, there is no reason to believe that the four depositions cannot be conducted over a period of three rather than four days, thereby reducing the time and attendant expense of all parties.

15. Conversely, there can be no prejudice to PAULA if it takes the depositions after January 1, 2008 since the depositions will be completed before both the mediation scheduled for January 14 and the January 31 discovery deadline. Moreover, PAULA has not yet even formally noticed the Seattle depositions.

16. As evidenced by Exhibit "A" hereto, the Liquidator has conferred with PAULA and made a good faith effort to resolve this discovery dispute without Court action.

17. Accordingly, the Liquidator respectfully requests that this Court grant his Motion for Protective Order and enter an Order in the form attached hereto.

                                    **FOX ROTHSCHILD LLP**

                        By:    */s/ Sheldon K. Rennie (#3772)*
                               Sheldon K. Rennie, Esquire
                               919 N. Market Street, Suite 1300
                               P.O. Box 2323
                               Wilmington, DE 19899-2323
                               (302) 622-4202
                                        -AND-
                               Gerald E. Arth, Esquire
                               Cheryl A. Garber, Esquire
                               FOX ROTHSCHILD LLP
                               2000 Market Street, Tenth Floor
                               Philadelphia, PA 19103-3291
                               (215) 299-2000
                               *Attorneys for Plaintiff*

Dated: December 4, 2007

4

DT1 264399v3 12/04/07

EXHIBIT "A"

**From:** Arth, Gerald
**Sent:** Thursday, November 29, 2007 3:46 PM
**To:** 'Jon Fetterly'
**Cc:** Garber, Cheryl; Rennie, Sheldon K.; William Swank; Shandler, Chad
**Subject:** RE: Koken v. Paula - witness depositions

Jon:

You said during our call of November 19 (we had no call on November 12) that you intended to take depositions. You did not identify the proposed deponents. In fact, Bill Swank said we would receive information about the proposed deponents as early as that day, but we heard nothing further from you until your email of November 26, which was received at 7:26 p.m. Eastern time.

To the extent that you are confused, my objections are (1) the depositions can and should be taken in early January and (2) whether the depositions occur in January or December, they can and should be taken over a period of three days rather than four. Regardless of whether you have control over the witnesses, you certainly should be able to predict the areas of inquiry and the documents you intend to use, and thus be able to estimate how much time you will need with each particular witness. Nothing you have stated counters my belief that at least two of your proposed witnesses can be deposed in the same day.

I will ask you one more time to reconsider your position. If you do not by tomorrow, we will file a motion with the Court.

As to the Snider and Maddocks depositions, please provide us with the proposed dates as soon as possible. The depositions will be in Wilmington.

Jerry

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Thursday, November 29, 2007 1:41 PM
**To:** Arth, Gerald
**Cc:** Garber, Cheryl; Rennie, Sheldon K.; William Swank; Shandler, Chad
**Subject:** RE: Koken v. Paula - witness depositions

Jerry:

We first informed you of our intention to take these depositions during our conference call on November 12, 2007. You asked us to provide you with proposed dates, which we did. You confirmed that you are not available the week of December 10th, but that you are available the week of December 17th. We intend to take four depositions over four days. This is not unreasonable. Further, I am not entirely clear why or how four days in January is reasonable to you, while four days in December is not. We have now confirmed that counsel for both parties, and all four witnesses, are available the week of December 17th, and for this reason we intend to proceed with the depositions at that time. If you have a preference as between commencing on Monday or Tuesday of that week, we are happy to oblige.

As for your position that we have offered no reason why the depositions cannot be taken over three days, this is not true. As I stated both during our conversation and in my last email, PAULA has no control over these non-party witnesses. We cannot predict how cooperative these witnesses will be, the pace at which they will be able to proceed, or any of the other variables that often dictate the pace and duration of a deposition. Thus, we simply cannot predict how long these depositions may take. We share your desire to complete these depositions as efficiently and expeditiously as possible, and to that end it is our desire to complete them during one single trip to Seattle. During yesterday's conversation, we agreed that we did not want to make a return trip to Seattle because

we were not able to complete the depositions. Allowing only three days to complete four depositions makes it more likely that could happen - not less likely.

As for your request to take the depositions after the first of the year, we have not simply ignored that request. However, your proposed dates are impractical for a number of reasons, not the least of which is the fact that your proposed dates would have us in Seattle the week before the mediation date, thus leaving us virtually no time to use the witness' testimony in preparation for the mediation, and leaving us no additional time to complete the depositions in the event additional time is needed.

We will provide you with proposed dates and locations for the depositions of Mr. Snider and Ms. Maddocks.

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313
Facsimile: (213) 572-4400
jon.fetterly@hro.com

---

**From:** Arth, Gerald [mailto:GArth@foxrothschild.com]
**Sent:** Wednesday, November 28, 2007 2:59 PM
**To:** Jon Fetterly
**Cc:** Garber, Cheryl; Rennie, Sheldon K.; William Swank; Shandler, Chad
**Subject:** RE: Koken v. Paula - witness depositions

Jon:

With regard to the depositions you seek to take in Seattle, I told you in our call today that I am not available the week of December 10. You have simply ignored my request to take the depositions after the first of the year, even though they can be done before the January 14 mediation date. Furthermore, regardless of when the depositions take place, you have offered no real reason why the depositions cannot be taken over a period of three days rather than four. If you will not agree to either schedule the depositions in January or limit them to a three-day period the week of December 17, then we intend to seek relief in accordance with the Rule 16 Scheduling Order issued by the Court. Please let me know your position.

As we also discussed, the Liquidator intends to take the depositions of Jeffrey Snider and Deborah Maddocks. Right now, we are looking at the week of January 7, 2008 in Wilmington. Please provide available dates for those witnesses.

Jerry

Gerald E. Arth
Attorney at Law
Fox Rothschild LLP
215.299.2720

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Wednesday, November 28, 2007 1:52 PM
**To:** Arth, Gerald
**Cc:** Garber, Cheryl; William Swank; Shandler, Chad
**Subject:** RE: Koken v. Paula - witness depositions

Jerry:

We can do the week of the 17th, however, we need to allow four days as we have no control over these witnesses and we cannot predict how long the depositions may take. If you prefer, we can start on Monday the 17th and conclude Thursday the 20th. Otherwise, we will start on Tuesday the 18th and conclude Friday the 21st. Please let us know if you have a preference.

Thanks.

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313
Facsimile: (213) 572-4400
jon.fetterly@hro.com

---

**From:** Arth, Gerald [mailto:GArth@foxrothschild.com]
**Sent:** Wednesday, November 28, 2007 3:30 AM
**To:** Jon Fetterly
**Cc:** Garber, Cheryl
**Subject:** RE: Koken v. Paula - witness depositions

Jon:

Please call me to discuss these proposed depositions. Thanks.

Jerry

Gerald E. Arth
Attorney at Law
**Fox Rothschild LLP**
215.299.2720

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Monday, November 26, 2007 7:26 PM
**To:** Arth, Gerald
**Cc:** William Swank
**Subject:** Koken v. Paula - witness depositions

Gerry:

As we discussed during last week's conference call, we are looking to take the depositions of John Snider, Steve Clark, Ed Lopit and Bill Baldwin during either the second or third week of December. We anticipate taking these depositions over four days, commencing on a Tuesday and concluding on a Friday. Please advise whether you have a preference as between the week of December 10th or 17th for the taking of these depositions.

Thank you,

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313
Facsimile: (213) 572-4400
jon.fetterly@hro.com


CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

FEDERAL TAX ADVICE DISCLAIMER We are required by U. S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

```
ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
----------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient
of this e-mail, or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that any dissemination or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error,
please immediately notify us by telephone at (215)-299-2167 or notify us by
e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail
to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the
U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.



ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
----------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
```

the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the U.S. Postal Service. We will reimburse you for all expenses incurred.

Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOEL S. ARIO, in his official capacity
as Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION),

    Plaintiff,

v.

    CIVIL ACTION NO. 07-048-JJF

PAULA FINANCIAL,

    Defendant.

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion for Protective Order and any response thereto, it is hereby **ORDERED** that:

(1) Plaintiff's Motion for Protective Order is GRANTED;

(2) The depositions of third-party witnesses John Snider, Steve Clark, Ed Lopit and Bill Baldwin sought by defendant PAULA Financial shall not be held until after January 1, 2008 and shall be scheduled so as to be taken and concluded over a period of three consecutive calendar days; and

(3) Plaintiff shall be awarded his reasonable attorneys' fees and costs incurred in bringing this motion. Plaintiff shall file and serve a verified bill of costs within ten (10) days of the date of this Order.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE
JOSEPH J. FARNAN, JR.

DT1 264399v3 12/04/07

## CERTIFICATE OF SERVICE

I, Sheldon K. Rennie, Esquire, hereby certify that on this 4th day of December 2007, I served a true and correct copy of the *Plaintiff's Motion for a Protective Order*, on the following via first class mail, postage prepaid, upon the following:

>Chad M. Shandler, Esquire
>Jamison Tweedie, Esquire
>Richards Layton & Finger
>One Rodney Square
>920 North King Street
>Wilmington, DE 19801
>*Attorneys for Defendant, Paula Financial*
>
>William K. Swank, Esquire
>Jonathan G. Fetterly, Esquire
>Holme Roberts & Owen LLP
>777 S. Figueroa Street
>Suite 2800
>Los Angeles, CA 90017-5826
>*Of Counsel for Defendant, Paula Financial*

By:  */s/ Sheldon K. Rennie (#3772)*
     Sheldon K. Rennie, Esquire