IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL S. ARIOS, in his official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION),<br><br>Plaintiff,<br><br>v.<br><br>PAULA FINANCIAL,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>) C.A. No. 07-048-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Defendant, PAULA Financial ("PAULA"), hereby opposes the Liquidator's motion for protective order pursuant to Fed. R. Civ. P. 26(c). In short, the Liquidator has not met its burden of establishing good cause for the issuance of a protective order. The Liquidator asks this court to issue an order preventing PAULA from taking the depositions of four non-party witnesses in Seattle until after the new year, and also requiring PAULA to take these four depositions over only three days. However, the Liquidator's motion makes no showing of any specific harm it will suffer if these depositions proceed as scheduled. Rather, the Liquidator simply argues that PAULA has failed to justify the reasonableness of its requested discovery. This argument misconstrues the relevant standard, as the Liquidator must establish good cause in order to obtain a Court order, which it has not done. The Liquidator's motion should therefore be denied.

**I.   LEGAL STANDARD**

To obtain a protective order, the party resisting discovery or seeking limitations thereon mush show "good cause" for its issuance. Fed. R. Civ. P. 26(c); *Jepsen, Inc. v. Makita Elec. Works, Ltd.*, 30 F. 3d 854, 858 (7th Cir. 1994). The moving party must make a clear showing of

a particular and specific need for the order, and bears the burden of showing a *specific injury*. *Pearson v. Miller*, 211 F.3d 57, 72-73 (3rd Cir. 2003); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 1995) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

## II. THE LIQUIDATOR HAS NOT ESTABLISHED ANY SPECIFIC INJURY TO JUSTIFY ISSUANCE OF A PROTECTIVE ORDER

The Liquidator has not, and cannot, demonstrate good cause for its requested order because PAULA seeks nothing more than to take the depositions of four non-party witnesses, over four days, during a week in which all witnesses *and counsel for both parties* have confirmed their availability. PAULA first notified the Liquidator of its intent to take these depositions on November 19, 2007, during a scheduled teleconference with this Court. Specifically, PAULA's counsel, William Swank, stated that PAULA was planning on traveling to Seattle for the depositions of non-party witnesses during mid-December, and that PAULA anticipated taking approximately four depositions. (Declaration of William K. Swank ("Swank, Decl."), ¶ 3). Counsel for the Liquidator made no objection at this time, and the parties discussed commencing the depositions on a Tuesday so that Liquidator's counsel could utilize Monday as a travel day. *Id.* In response to an inquiry regarding scheduling and available dates, Mr. Swank stated that PAULA may have proposed dates as early as that day. *Id.*

On November 26, 2007, PAULA's counsel, Jonathan Fetterly, sent an email to Mr. Arth proposing the weeks of December 10th or December 17th for the depositions. (Declaration of Jonathan G. Fetterly ("Fetterly Decl."), ¶ 3). All four witnesses had previously confirmed their availability for these dates. *Id.* During a phone conversation on November 28th, Mr. Arth stated that he was not available the week of December 10th, but that he was available the week of

2

December 17th. (Fetterly Decl., ¶ 4). On November 30th, PAULA issued deposition subpoenas to four non-party witnesses, and scheduled them for December 18th – 21st. (Fetterly Decl., ¶ 6).

The Liquidator has not established good cause to issue a protective order because it has not demonstrated any specific injury it will suffer if the depositions commence on December 18th. Indeed, the Liquidator cannot establish any such injury because PAULA provided advance notice of the depositions, and subsequently cleared the dates with opposing counsel before issuing and serving the deposition subpoenas. (Fetterly Decl., ¶ 5). The Liquidator argues that PAULA's conduct here is unreasonable because PAULA did not accommodate the Liquidator's request to schedule the depositions in January, or in the alternative, limit them to a three day period the week of December 17. *Id.* PAULA respectfully disagrees that it acted unreasonably and addresses each of the Liquidator's arguments below. However, it is not PAULA's burden to defend the reasonableness of its requested discovery absent the Liquidator's ability to establish any specific injury, or otherwise establish good cause. The Liquidator has not argued that it is unable to attend these depositions, nor has it demonstrated why four depositions should be taken over three days. As the moving party the Liquidator bears this burden. The Liquidator merely argues that PAULA is acting unreasonably, and offers the unsubstantiated claim that PAULA's conduct is an attempt to "oppress and unduly burden the Liquidator and its counsel." Such claims do not satisfy Rule 26(c). *See Foltz*, 331 F.3d at 1130 ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy [Rule 26(c)]").

### III. PAULA'S REQUESTED DISCOVERY IS REASONABLE

Notwithstanding the Liquidator's failure to establish good cause, the motion should be denied because PAULA's requested discovery is reasonable. First, PAULA wishes to take four depositions in four days in order to guarantee sufficient time to complete the depositions in one

single trip to Seattle, and PAULA seeks only to reserve its right to utilize the time afforded by Fed. R. Civ. P. 30(d)(2). Reliance has not demonstrated why PAULA should be denied this right. Second, at least one witness, William Baldwin, has informed PAULA that he will be traveling throughout much of the month of January and cannot confirm his availability in that month.[1] Third, the mediation in this case is scheduled for January 14, 2008, leaving only the week of January 8th to take these depositions. Notwithstanding Mr. Baldwin's travel schedule, this leaves no time for subsequent investigation or preparation prior to the mediation, and leaves no time to complete the depositions in the event additional time is needed. Fourth, Reliance's insinuation that PAULA unreasonably delayed taking depositions in this matter is without basis. Until recently, both parties have been gathering, exchanging and reviewing documents. Indeed, the Liquidator produced additional documents as recently as November 16, 2007.

## IV.  CONCLUSION.

For the foregoing reasons, the Liquidator has failed to establish good cause to support in support of its request for a protective order, and the motion should be denied in its entirety.

Dated: December 11, 2007

/s/ Chad M. Shandler

Chad M. Shandler (DE Bar No. 3796)
shandler@rlf.com
Jameson A.L. Tweedie (DE Bar No. 4927)
tweedie@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendant PAULA Financial*

Of Counsel

William K. Swank, Esq.
Jonathan G. Fetterly, Esq.
Holme Roberts & Owen LLP
777 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Main Phone: (213) 572-4300
Main Fax:   (213) 572-4400

---

[1] On December 6, 2007, PAULA informed Liquidator's counsel of this fact and asked the Liquidator to withdraw its motion. The Liquidator declined this request. (Fetterly Decl., ¶¶ 7-9).

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

### VIA HAND DELIVERY

Sheldon K. Rennie, Esq.
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

I hereby certify that on December 11, 2007, the foregoing was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Gerald E. Arth, Esq.
Cheryl A. Garber, Esq.
Fox Rothschild, LP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291

_____
Jameson A.L. Tweedie (#4927)

Dated: December 11, 2007