IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL S. ARIO, in his official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION),<br><br>Plaintiff,<br><br>v.<br><br>PAULA FINANCIAL,<br><br>Defendant | CIVIL ACTION NO. 1:07-cv-00048-JJF<br><br>**DECLARATION OF JONATHAN G. FETTERLY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

#7751 v1

## DECLARATION OF JONATHAN G. FETTERLY

I, Jonathan G. Fetterly, declare as follows:

1.      I am an associate in the law firm of Holme, Roberts & Owen LLP and am an attorney of record for Defendant PAULA Financial in the case captioned JOEL S. ARIO, in his official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION), v. PAULA FINANCIAL, Delaware District Court Case No. 07-048-JJF. I am admitted to this Court *pro hac vice* for purposes of this matter.

2.      I have personal knowledge of the facts set forth herein, except as stated on information and belief, and am competent to testify with respect to them.

3.      On November 26, 2007, I sent an email to counsel for the Liquidator, Gerald Arth, proposing the weeks of either December 10, 2007 or December 17, 2007 as dates for the depositions of four non-party witnesses located in the Seattle area. I advised Mr. Arth that we intended to take four depositions over four days, commencing on a Tuesday and concluding on a Friday. A true and correct copy of this email is attached hereto as Exhibit "A". Prior to sending this email, I had spoken with each of the four witnesses regarding their availability for depositions, and each confirmed that they were available during the proposed dates.

4.      On November 28, 2007, I spoke with Mr. Arth via telephone. During this call he informed me that he was not available the week of December 10, 2007, but that he was available the week of December 17, 2007. During this call Mr. Arth asked whether the depositions could be taken over three days during the week of December 17th, or alternatively whether the depositions could be taken in January. I informed Mr. Arth that we had already confirmed the proposed dates with each of the four witnesses, and that we could not predict how much time each deposition might take. That same day I sent Mr. Arth an email confirming that we would

1

#7751 v1

take the depositions during the week of December 17th, and that we needed to allow four days to take them. A true and correct copy of this email is attached hereto as Exhibit "A".

5. On November 29, 2007, Gerry Arth sent me an email asking that PAULA either take the depositions in January, or alternatively, to limit the depositions to only three days during the week of December 17th. Specifically, Mr. Arth stated: "If you will not agree to either schedule the depositions in January *or limit them to a three-day period the week of December 17, then* we intend to seek relief in accordance with the Rule 16 Scheduling Order issued by the Court." (emphasis added). A true and correct copy of this email is attached hereto as Exhibit "A". In response to this email, I explained to Mr. Arth the reasons why PAULA could not take the depositions over three days, and also explained why PAULA could not take the depositions in January. A true and correct copy of this email is attached hereto as Exhibit "A".

6. On November 30, 2007, I issued four deposition subpoenas for each of the Montlake witnesses, each of whom reside in the Western Division of the United States District Court of Washington. The depositions were scheduled for December 18 – 21. By December 4, 2007, all four deponents had been served, and notices of the depositions were served by PAULA's local counsel that same day.

7. On December 5, 2007, I spoke with William Baldwin via telephone. I called Mr. Baldwin to ask whether he could move his deposition from December 18, 2007 to December 19, 2007 in order to accommodate another witness. During this conversation I also asked Mr. Baldwin whether he was available for deposition in the first couple weeks of January. Mr. Baldwin informed me that he will be traveling for business throughout much of the month of January, and that he could not confirm his availability for deposition during that month.

2

#7751 v1

8.     On December 6, 2007, I spoke with John Snyder via telephone. I called Mr. Snyder to inform him that we could accommodate his prior request to take his deposition on December 18, 2007. During this conversation I asked Mr. Snyder whether he and his business partner, Steve Clark, were available for deposition in the first couple weeks of January. Mr. Snyder said that he was presently available. Mr. Snyder also said that Mr. Clark was not presently in the office, but that he is familiar with Mr. Clark's travel schedule and that he has tentative travel plans in January.

9.     On December 6, 2007, I sent Mr. Arth an email clarifying several inaccuracies in the Liquidator's motion for protective order, and also advising him of Messrs. Baldwin and Clark's travel plans in the month of January. In this email I requested that Mr. Arth withdraw the liquidator's motion. By way of a reply email dated December 7, 2007, Mr. Arth stated that he would not withdraw the motion. In this email, Mr. Arth declined to comment on the potential unavailability of two of the four Montlake witnesses in the month of January. A true and correct copy of the email string depicting both of these emails is attached here to as Exhibit B.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 10th day of December, 2007, at Los Angles California.

_____
Jonathan G. Fetterly

# EXHIBIT A

Case 1:07-cv-00048-JJF    Document 27    Filed 12/11/2007    Page 5 of 13

## Jon Fetterly

| | |
|---|---|
| **From:** | Arth, Gerald [GArth@foxrothschild.com] |
| **Sent:** | Wednesday, November 28, 2007 2:59 PM |
| **To:** | Jon Fetterly |
| **Cc:** | Garber, Cheryl; Rennie, Sheldon K.; William Swank; Shandler, Chad |
| **Subject:** | RE: Koken v. Paula - witness depositions |

Jon:

With regard to the depositions you seek to take in Seattle, I told you in our call today that I am not available the week of December 10. You have simply ignored my request to take the depositions after the first of the year, even though they can be done before the January 14 mediation date. Furthermore, regardless of when the depositions take place, you have offered no real reason why the depositions cannot be taken over a period of three days rather than four. If you will not agree to either schedule the depositions in January or limit them to a three-day period the week of December 17, then we intend to seek relief in accordance with the Rule 16 Scheduling Order issued by the Court. Please let me know your position.

As we also discussed, the Liquidator intends to take the depositions of Jeffrey Snider and Deborah Maddocks. Right now, we are looking at the week of January 7, 2008 in Wilmington. Please provide available dates for those witnesses.

Jerry

Gerald E. Arth
Attorney at Law
**Fox Rothschild LLP**
215.299.2720

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Wednesday, November 28, 2007 1:52 PM
**To:** Arth, Gerald
**Cc:** Garber, Cheryl; William Swank; Shandler, Chad
**Subject:** RE: Koken v. Paula - witness depositions

Jerry:

We can do the week of the 17th, however, we need to allow four days as we have no control over these witnesses and we cannot predict how long the depositions may take. If you prefer, we can start on Monday the 17th and conclude Thursday the 20th. Otherwise, we will start on Tuesday the 18th and conclude Friday the 21st. Please let us know if you have a preference.

Thanks

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313

EXHIBIT A

12/10/2007

Facsimile: (213) 572-4400
jon.fetterly@hro.com

---

**From:** Arth, Gerald [mailto:GArth@foxrothschild.com]
**Sent:** Wednesday, November 28, 2007 3:30 AM
**To:** Jon Fetterly
**Cc:** Garber, Cheryl
**Subject:** RE: Koken v. Paula - witness depositions

Jon:

Please call me to discuss these proposed depositions. Thanks

Jerry

Gerald E. Arth
Attorney at Law
**Fox Rothschild LLP**
215.299.2720

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Monday, November 26, 2007 7:26 PM
**To:** Arth, Gerald
**Cc:** William Swank
**Subject:** Koken v. Paula - witness depositions

Gerry:

As we discussed during last week's conference call, we are looking to take the depositions of John Snider, Steve Clark, Ed Lopit and Bill Baldwin during either the second or third week of December. We anticipate taking these depositions over four days, commencing on a Tuesday and concluding on a Friday. Please advise whether you have a preference as between the week of December 10th or 17th for the taking of these depositions.

Thank you,

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313
Facsimile: (213) 572-4400
jon.fetterly@hro.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby

12/10/2007

notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

FEDERAL TAX ADVICE DISCLAIMER We are required by U. S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
-------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient
of this e-mail, or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that any dissemination or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error,
please immediately notify us by telephone at (215)-299-2167 or notify us by
e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail
to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the
U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
-------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient
of this e-mail, or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that any dissemination or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error,
please immediately notify us by telephone at (215)-299-2167 or notify us by
e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail
to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the
U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.

12/10/2007

# EXHIBIT B

## Jon Fetterly

| | |
|---|---|
| **From:** | Arth, Gerald [GArth@foxrothschild.com] |
| **Sent:** | Friday, December 07, 2007 1:54 PM |
| **To:** | Jon Fetterly |
| **Cc:** | Garber, Cheryl; Rennie, Sheldon K.; Shandler, Chad; William Swank |
| **Subject:** | RE: Ario v. PAULA |

Jon:

Rather than take offense, I will attribute your overheated accusation that we filed a "frivolous" motion for protective order and your threat to seek sanctions to your relative inexperience.

That being said, the Liquidator will not withdraw the motion for protective order. The salient facts are these: After months passed without any discovery activity on PAULA's part, you notified us by email on the evening of November 26 that you intend to take the depositions of four witnesses in Seattle. We did not object to the depositions themselves, but promptly asked that they be scheduled in early January, still prior to the January 14 mediation, and that they be limited to three days. You refused our request, although there was - and still is - no claim that the depositions cannot be scheduled and completed in a timely fashion. Unfortunately, the unreasonableness of your position necessitated the motion for protective order.

Your further claim that the Seattle depositions cannot be taken in January because of our desire to depose Jeffrey Snider and Deborah Maddocks is purely a red herring. In my November 28 email, I wrote: "Right now, we are looking at the week of January 7, 2008 in Wilmington. Please provide available dates for those witnesses." Despite the fact that you still have furnished no dates, we have not unilaterally noticed the depositions - we have been and remain willing to reasonably accommodate their and your schedules.

Jon, early on in this litigation, I told you and Bill Swank that I believe in cooperating in discovery. Hardball discovery tactics not only waste time and money, but are counterproductive in resolving a dispute. If that is the route you choose to pursue, however, we will not stand by idly.

Jerry

Gerald E. Arth
Attorney at Law
Fox Rothschild LLP
215.299.2720

---

**From:** Jon Fetterly [mailto:Jon.Fetterly@hro.com]
**Sent:** Thursday, December 06, 2007 12:02 PM
**To:** Arth, Gerald
**Cc:** Garber, Cheryl; Rennie, Sheldon K.; Shandler, Chad; tweedie@rlf.com; William Swank
**Subject:** Ario v. PAULA

Jerry:

I am writing you to clarify some points that are inaccurately stated in your motion for protective order, and to request that you withdraw the motion

1. We first notified you of our intention to take depositions of the Montlake witnesses, in Seattle, during our conference call on November 19. Specifically, Bill Swank informed you that we were planning on traveling to Seattle for the depositions of Montlake witnesses during mid-December. You asked us how many depositions we

EXHIBIT B

12/10/2007

were taking, and we told you approximately four. You made no objection at this time. In fact, we specifically discussed commencing the depositions on a Tuesday so that you could utilize Monday as a travel day. You further asked that we provide you with some available dates, and Bill informed you that we may have some proposed dates as early as that day. Thus, your claim that we "provided no information about the proposed depositions until the evening of November 26, 2007" is patently false. It is also worth noting that your motion incorrectly puts words in my mouth, as I said nothing during that conference call, other than to exchange greetings

2. During our phone conversation on November 27, you confirmed that you were available the week of December 17 for the depositions. You asked whether we could take the depositions over three days, and you also inquired about the possibility of taking the depositions in early January. My email of that day provides in detail the reasons why we could not accommodate your requests, and so I need not repeat them here. However, I emphasize the fact that you confirmed your availability for the week of December 17.

3. Bill Baldwin informs us that he will be traveling throughout much of the month of January, and cannot confirm his availability for deposition during that month. We are also informed that Steve Clark has tentative travel plans in January as well. Notwithstanding Messrs. Baldwin and Clark's travel schedules, the weeks of December 24 and December 31 are shortened holiday weeks, and you have informed us that you intend to take depositions in Wilmington, Delaware the week of January 7, 2008. The mediation is set for Monday, January 14, 2007. Thus, the only time between now and the mediation available for us to take these depositions in Seattle is the week of December 17. All four witnesses, and counsel for both parties, are available that week and so we plan on taking the depositions at that time.

In light of the foregoing, I ask that you withdraw your frivolous motion before the end of business Friday, December 7, 2007. If we are forced to prepare and file an opposition we will seek appropriate sanctions.

Jon

Jonathan G. Fetterly
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Office: (213) 572-4313
Facsimile: (213) 572-4400
jon.fetterly@hro.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read or play this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

FEDERAL TAX ADVICE DISCLAIMER We are required by U. S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding

12/10/2007

penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
--------------------------------------------

This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the U.S. Postal Service. We will reimburse you for all expenses incurred.

Thank you.

12/10/2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who have also been served as noted:

### VIA HAND DELIVERY

Sheldon K. Rennie, Esq.
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

I hereby certify that on December 11, 2007, the foregoing was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Gerald E. Arth, Esq.
Cheryl A. Garber, Esq.
Fox Rothschild, LP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291

_____
Jameson A.L. Tweedie (#4927)

Dated: December 11, 2007