### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL S. ARIO, in his official capacity as Acting Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION),<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAULA FINANCIAL,<br><br>　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 07-048-JJF<br>:<br>:<br>:<br>:<br>: |

### NOTICE OF RULE 30(B)(6) DEPOSITION

To:   PAULA FINANCIAL
      c/o William K. Swank, Esquire
      Jonathan G. Fetterly, Esquire
      Holme Roberts & Owen LLP
      777 S. Figueroa Street, Suite 2800
      Los Angeles, CA 90017-5826

**PLEASE TAKE NOTICE** that on Wednesday, January 23, 2008, commencing at 10:00 a.m., the undersigned will take the deposition of **PAULA Financial** in the above captioned action at the offices of Fox Rothschild LLP, 919 North Market Street, Suite 1300, Wilmington, Pennsylvania 19801, upon oral examination before a duly authorized Notary Public or some other officer authorized by law to administer oaths. The matters on which the examination is requested are:

1. All agreements between RELIANCE and PAULA.

2. The GUARANTEE.

3. The FRIEDE POLICY, and cancellation of the FRIEDE POLICY.

4. The WC POLICIES.

    5. The UM AGREEMENT.

    6. The MONTLAKE liquidation.

    7. All agreements between RELIANCE and MONTLAKE.

The examination will be conducted in accordance with the applicable Federal Rules of Civil Procedure and will continue from day to day until completed.

The witness is required to bring with him/her to the deposition the following documents:

## DEFINITIONS

1. The term "DOCUMENT" OR "DOCUMENTS" is used in its customary broad sense, and shall refer to written material of whatever kind or nature, whether typed, printed, handwritten or otherwise produced, including without limitation, letters, memoranda, notes, contracts, bills and invoices, together with photographs, photostats, photocopies, audio or video recordings, computerized files, database records, voice- and/or phonemail recordings, electronic-mail ("email") messages, scanned images, and any other electronic data compilations, however stored.

2. "PAULA" means Defendant Paula Financial, or its predecessors, affiliates, subsidiaries, or any entity through which it conducts business or administers service.

3. "RELIANCE" means Reliance Insurance Company, including Reliance Insurance Company in liquidation and all or any of its employees, agents, and all other persons acting on its behalf or at its direction.

4. "COMPLAINT" means the Complaint filed by Reliance in this action.

5. "MONTLAKE" means both Montlake Insurance Holdings LLC f/k/a Altus Insurance Holdings LLC, and Montlake Casualty Company Ltd. f/k/a Altus Casualty Company Ltd.

2

6. "COMMUNICATION" means any transmittal of information in the form of facts, ideas, inquiries or otherwise. A request for communications includes correspondence, telexes, telecopies, email, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

7. The term "CONCERNING" means relating to, referring to, reflecting, describing, evidencing or constituting.

8. "FRIEDE" means Friede, Goldman Halter, Inc.

9. "FRIEDE POLICY" means United Pacific Insurance Company Policy # ICW 1950507.

10. "ZURICH RE" means Zurich Reinsurance North America (now Converium).

11. "GUARANTEE" means the document, including any drafts thereof, attached to the Complaint as Exhibit "B."

12. The term "PERSON" or "PERSONS" shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, and all other legal entities, and if appropriate or indicated, divisions, subsidiaries or departments of corporations or other entities, and their principals, agents, representatives, officers or employees.

13. "WC POLICIES" shall have the same meaning and definition as provided in the GUARANTEE.

14. "UM AGREEMENT" shall have the same meaning and definition as provided in the GUARANTEE.

3

15. All words, terms and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests.

## DOCUMENT REQUESTS

1. All COMMUNICATIONS between PAULA and MONTLAKE relating to the WC POLICIES or UM AGREEMENT.

2. All COMMUNICATIONS between RELIANCE and MONTLAKE referring or relating to the WC POLICIES or UM AGREEMENT.

3. All COMMUNICATIONS between RELIANCE and ZURICH RE concerning PAULA, MONTLAKE, and/or FRIEDE referring or relating to the WC POLICIES or UM AGREEMENT.

4. All COMMUNICATIONS among RELIANCE, ZURICH RE, and MONTLAKE referring or relating to the WC POLICIES or UM AGREEMENT.

5. All COMMUNICATIONS between MONTLAKE and anyone referring or relating to the GUARANTEE.

6. All COMMUNICATIONS between MONTLAKE and anyone referring or relating to the reasons for the cancellation of the FRIEDE POLICY.

7. All DOCUMENTS which refer, relate, constitute or embody payments by state guaranty associations on behalf of FRIEDE.

8. All DOCUMENTS which refer, relate, constitute or embody claims by state guaranty associations seeking reimbursements for payments made on behalf of FRIEDE.

9. All DOCUMENTS which refer, relate, constitute or embody payments by FRIEDE for retrospective premium.

10. All DOCUMENTS which refer or relate to the MONTLAKE liquidation.

4

11. All DOCUMENTS which refer or relate to the GUARANTEE.

12. All DOCUMENTS relating to the calculation of the retrospective premium for the FRIEDE POLICY.

13. All DOCUMENTS that refer or relate to any claim by Offshore Marine Indenmity Company or FRIEDE that RELIANCE wrongfully drew on a letter of credit on or about April 18, 2003.

14. All correspondence relating to the cancellation of the Workers Compensation and Employers Liability Insurance Policy No. ICW 195057.

**FOX ROTHSCHILD LLP**

By:  */s/ Sheldon K. Rennie (#3772)*
Sheldon K. Rennie, Esquire
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444
-AND-

Of Counsel
Gerald E. Arth, Esquire
Cheryl A. Garber, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
(215) 299-2000
*Attorneys for Plaintiff*

Dated: January 4, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOEL S. ARIO, in his official capacity :
as Acting Insurance Commissioner of the :
Commonwealth of Pennsylvania, as Liquidator :
of RELIANCE INSURANCE COMPANY :
(IN LIQUIDATION), :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO. 07-048-JJF
:
PAULA FINANCIAL, :
:
      Defendant. :

## CERTIFICATE OF SERVICE

I, Sheldon K. Rennie, Esquire, hereby certify that on this date, I served a true and correct copy of the foregoing *Plaintiff's Notice of Oral Deposition of Deborah S. Maddocks; Notice of Rule 30(B)(6) Deposition of Paula Financial; and Notice of Oral Deposition of Jeffrey A. Snider*, *via* first class mail, postage prepaid, upon the following:

        Chad M. Shandler, Esquire
        Jamison Tweedie, Esquire
        Richards Layton & Finger
        One Rodney Square
        920 North King Street
        Wilmington, DE 19801
        *Attorneys for Defendant, Paula Financial*

        William K. Swank, Esquire
        Jonathan G. Fetterly, Esquire
        Holme Roberts & Owen LLP
        777 S. Figueroa Street, Suite 2800
        Los Angeles, CA 90017-5826
        *Of Counsel for Defendant, Paula Financial*

        */s/ Sheldon K. Rennie (#37772)*
        Sheldon K. Rennie, Esquire

Dated: January 4, 2008